1  Surjit P. Soni (State Bar No. 127419)
   M. Danton Richardson (State Bar No. 141709)
2  Leo E. Lundberg, Jr. (State Bar No. 125951)
   THE SONI LAW FIRM
3  35 North Lake Ave., Suite 720
   Pasadena, California  91101
4  (626) 683-7600 Telephone
   (626) 683-1199 Fax
5
   SURJ@SONILAW.COM
6  DANTON@SONILAW.COM
   LEO@SONILAW.COM
7
   Attorneys for Plaintiff/Counterdefendant,
8  BIBIJI INDERJIT KAUR PURI

9

10                    UNITED STATES DISTRICT COURT
11                   CENTRAL DISTRICT OF CALIFORNIA

12
   BIBIJI INDERJIT KAUR PURI, an      ) CASE NO.:  CV 11-9503 FMO (SHx)
13 individual,                        )
                                      ) Hon. Fernando M. Olguin
14              Plaintiff,            )
                                      )
15                                    )
        vs.                           ) CORRECTED [~~PROPOSED~~]
16                                    ) STIPULATED PROTECTIVE ORDER
                                      )
17 SHAKTI PARWHA KAUR KHALSA,         )
   Trustee; EK ONG KAR KAUR KHALSA,   )
18 Trustee; and DOES 1 through 10,    )
                                      )
19              Defendants.           )
                                      )
20                                    )
                                      )
21                                    )
                                      )
22 _____)

23

24

25

26

27

28

---

[PROPOSED] STIPULATED PROTECTIVE ORDER

S:\Soni_Law\Inderjit Puri\Inderjit v YB Admin Trust\Pldg\Corrected Proposed Stipulated Protective Order.wpd

The parties, Plaintiff BIBIJI INDERJIT KAUR PURI, and Defendant's SHAKTI PARWHA KAUR KHALSA, Trustee and EK ONG KAR KAUR KHALSA, Trustee, recognizing each may have information relevant to the subject matter of this lawsuit that is subject to discovery and consequent public disclosure but which the parties agree should not be disclosed to employees of the requesting party or to the public generally, for the reasons set forth in the "Good Cause Statement" herein, have agreed to this Protective Order on the terms set forth below. It appearing to the Court that the parties have agreed to the terms of an appropriate Protective Order to govern discovery and pretrial proceedings and settlement negotiations in this action, and have demonstrated good cause for the entry of such Protective Order,

IT IS HEREBY ORDERED that:

1. This Order shall apply to all information produced during discovery and settlement negotiations in this action that shall be designated by the party or person producing it as "Confidential" or "Confidential-Attorneys Eyes Only" (collectively "Confidential Information"). This Order shall not apply to information that, before disclosure, is properly in the possession or knowledge of the party to whom such disclosure is made, or is public knowledge. The restrictions contained in this Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately acquired from a source not subject to this Order.

2. If an exhibit; pleading; interrogatory answer or admission (collectively "discovery response"); document or thing (collectively "document or thing"); or a deposition transcript, other transcript of testimony, or declaration or affidavit (collectively "testimony") contains information considered confidential by a party, such exhibit, pleading, discovery response, document or thing, or testimony shall be designated "Confidential" or "Confidential-Attorneys Eyes Only" by the party contending there is confidential information therein.

3. In connection with an exhibit, pleading, discovery response, document or

S:\Soni_Law\Inderjit Puri\Inderjit v YB Admin Trust\Pldg\Corrected Proposed Stipulated Protective Order.wpd

2

thing, testimony or other court submission, the legend "Confidential" or "Confidential-Attorneys Eyes Only" shall be affixed before the production or service upon a party.

4.  As a general guideline, a document should be designated "Confidential" when it contains confidential technical or other information that may be reviewed by the receiving party, technical experts, and other party representatives, but must be protected against disclosure to third parties. A document may be designated "Confidential-Attorneys Eyes Only" only when it contains the following highly sensitive information: financial information not publicly available, such as through SEC filings; cost information; pricing information not publicly available; sales information not publicly available; customer lists; licenses; license negotiations; supplier and vendor information not publicly known or readily ascertained through public means; technical and development information about a party's products, unless such information has been made known publicly; business plans; marketing strategy; new product plans and competitive strategies; trade secrets, as that term is defined in California Civil code § 3426.1; or any other information that would put the producing party at a competitive disadvantage if the information became known to employees, officers or directors or other representatives of the receiving party or third parties.

5.  All Confidential Information that has been obtained from a party during the course of this proceeding shall be used only for the purpose of this litigation and not for any other business purpose, proceeding, litigation, or other purpose whatsoever. Further such information may not be disclosed to anyone except as provided in this Order. Counsel for a party may give advice and opinions to their client based on evaluation of information designated as Confidential Information produced by the other party provided that such rendering of advice and opinions shall not reveal the content of such information except by prior agreement with opposing counsel.

6.  All documents, or any portion thereof, produced for inspection only (i.e.,

copies have not yet been provided to the receiving party) shall be deemed "Confidential-Attorneys Eyes Only." If a copy of any such document is requested after inspection, the document shall be deemed "Confidential" or "Confidential-Attorneys Eyes Only" only if labeled or marked in conformity with paragraph 2, with access and dissemination limited as set forth in paragraphs 10-13.

7.      Information disclosed at a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" at the time of the testimony or deposition, or within fourteen (14) days following receipt of the transcript, and shall be subject to the provisions of this Order. Additional information disclosed during a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" by notifying the other party, in writing, within fourteen (14) days after receipt of the transcript, of the specific pages of the transcript that should also be so designated. Unless otherwise agreed on the record of the deposition or other testimony, all transcripts shall be treated as "Confidential-Attorneys Eyes Only" for a period of fourteen (14) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraphs 11-12 to review documents or materials designated "Confidential-Attorneys Eyes Only" on behalf of that non-designating party.

8.      The parties further acknowledge that this Stipulated protective order creates no entitlement to file confidential information under seal; the applicable Federal Rules, local rules and other applicable Federal or State statutory law and rules shall be followed in the event a party seeks permission from the Court to file material under seal, seal a trial or hearing in this matter, or otherwise restrict non-party access to these proceedings.

9.      As used in this Protective Order, "Trial Counsel" refers exclusively to the following:

    (a)     For Plaintiff: The attorneys, paralegals, agents and support staff of

1     The Soni Law Firm.

2         (b)    For Defendants: The attorneys, paralegals, agents and support staff of Greenberg Glusker Fields Claman & Machtinger LLP; Wray & Girard, P.C.; and Maureen Sanders.

5     10.    Material designated as "Confidential" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and only subject to paragraph 13:

        (a) agents, representatives or designated employees of a party deemed necessary by Trial Counsel to aid in the prosecution, defense, or settlement of this action; provided that such person has reviewed this Protective Order and has signed the undertaking as set forth in Paragraph 12.

        (b) independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

        (c) court reporter(s) employed in this action;

        (d) agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential;

        (e) any individual who was the author, recipient, or copied on a document, regardless of its designation; and

        (f) any other persons as to whom the parties in writing agree.

26     11.    Material designated as "Confidential-Attorneys Eyes Only" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and to the persons

designated below:

(a) independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

(b) court reporter(s) employed in this action;

(c) agents of Trial Counsel, except for the parties hereto, who needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential-Attorneys Eyes Only;

(d) any individual who was the author, recipient, or copied on a document, regardless of its designation;

(e) any other persons as to whom the parties in writing agree.

12. Any agent, representative or designated employee of any party under paragraph 10(a) having access to Confidential Information shall be given a copy of this Order before being shown such Confidential Information, and its provisions shall be explained to them by an attorney. Each person, before having access to the Confidential Information, shall agree not to disclose to anyone any Confidential Information not exempted by this Order and not to make use of any such Confidential Information other than solely for purpose of this litigation, and shall acknowledge in writing by signing a document in the form of Exhibit A attached hereto.

13. For the purpose of this Protective Order an independent expert or consultant shall be defined as a person, who is not an employee of a party or scheduled to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, either full or

part-time, by or at the direction of counsel of a party. The procedure for having an independent expert or consultant approved for access to information designated as "Confidential" or "Confidential-Attorneys Eyes Only" shall be as follows:

    (a) The party seeking to have an independent expert or consultant, as defined in paragraph 13, approved shall provide the producing party with:

        i.    The name of the person;

        ii.    The present employer and title of the person;

        iii.    An up-to-date curriculum vitae; and

        iv.    A written acknowledgment in the form of Exhibit A attached hereto, signed by the person for whom approval is sought, that the person has read this Stipulated Protective Order and agrees to be bound by its terms.

    (b) Within seven (7) calendar days after mailing (via overnight delivery) a copy of the information and the written acknowledgment described in Paragraph 13(a), the producing party may object to the person proposed for approval upon a reasonable basis. Failure to object within seven (7) calendar days to the person proposed shall be deemed approval, but shall not preclude a producing party from later objecting to continued access by that person where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel. If objection is made, the "Confidential" or "Confidential-Attorneys Eyes Only" Information shall not be disclosed to the designated person except by order of the Court, agreement by the partes or failure to file a timely motion pursuant to paragraph 13(c).

    (c) If the parties are unable to reach agreement over the disclosure of material and information designated as "Confidential" or "Confidential-Attorneys Eyes Only" to the designated person, producing party shall request by motion that the Court issue an order precluding the disclosure of such material and information to the designated person. Barring exigent

    circumstances, any such motion will be made in strict compliance with Local Rules 37-1 and 37-2. The "Confidential" or "Confidential-Attorneys Eyes Only" information may be disclosed if the producing party fails to move the Court for an appropriate order pursuant to the Local Rules of this district within three weeks of the date of the producing party's objection.. If the producing party timely files a motion with the court for an appropriate order, the "Confidential" or "Confidential-Attorneys Eyes Only" information may not be disclosed to the designated person unless and until the Court denies the producing party's motion. These time periods are not to restrict either party from moving for a Court order earlier if the circumstances so require, but such expedited request must be made pursuant to the Local Rules of this district. Since the producing party contends that the information in question should not be disclosed publicly, at a minimum, the parties shall file the Joint Stipulation required by the Local Rules of this district under seal. The parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties shall set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

    (d) It is understood and agreed that if, pursuant to this Order, a party identifies a person as an expert, no other party shall contact the expert nor subject the expert to discovery to inquire into matters arising within the expert's consultation with the designating party, except as provided by Federal Rule of Civil Procedure 26(b)(4) or by Order of the Court.

    14. Any Confidential Information may be used in the course of any deposition taken of the party producing such Confidential Information or its employees without consent, or otherwise used in any deposition with the consent of the party producing such Confidential Information, subject to the condition that when such Confidential Information is so used, the party who made the designation may

notify the reporter that the portion of the deposition in any way pertaining to such Confidential Information or any portion of the deposition relevant thereto is being taken pursuant to this Order. When it is impractical to identify separately each portion of testimony that is entitled to protection, the party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order. Further, whenever any Confidential Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such confidential information pursuant to the terms of this Order.

15. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Confidential-Attorneys Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party or non-party of any information as "Confidential" or "Confidential-Attorneys Eyes Only" the parties and any producing non-party shall first try to resolve such disagreement in good faith on an informal basis, such as by production of redacted copies. If the disagreement cannot be resolved on an informal basis, the objecting party may move the Court for an Order modifying the designated status of such information. Any such motion will be made in strict compliance with Local Rules 37-1 and 37-2. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the challenged designation. In the event of any dispute as to the propriety of a redaction, the party objecting to the redaction may submit the issue to the Court for review pursuant to the Local Rules of this district.

1  Stipulated Protective Order is without prejudice to the right of a party hereto to seek
2  relief from the Court pursuant to the Local Rules of this district, upon good cause
3  shown, from any of the provisions or restrictions provided herein.

## STATEMENT OF GOOD CAUSE

5        This case relates to the administration of property of a private Trust, and all
6  parties to this suit have non-public documents, information, and other materials in
7  their possession, custody, or control pertaining to administration of the Trust. Some
8  of these items are highly sensitive and confidential because they contain information
9  which, if released to the public, would cause harm to the parties' business and
10 competitive interests. This information includes materials such as confidential
11 documents concerning the parties' sensitive business and financial documents, and
12 other similar confidential documents and information.
13       To that end, the parties have jointly drafted the instant proposed protective
14 order, which the parties respectfully seek to be entered by the Court, in order to
15 prevent harmful disclosure of their confidential and sensitive business information,
16 while balancing the public's right to acquire information that properly falls outside
17 the scope of the parties' protectable, confidential interests.
18       The parties agree that disclosure of information designated as
19 "Confidential-Attorneys Eyes Only" as set forth above would put the producing party
20 at a competitive disadvantage if the information became known to employees, agents
21 or other representatives of the receiving party or third parties. The parties further
22 agree that adoption and adherence to this Protective Order will facilitate an orderly
23 and cost effective discovery process and preparation for trial or settlement, at the
24 same time ensuring judicial economy and that the information will not be used to
25 create an undue competitive advantage.
26 ///
27 ///
28 ///

Respectfully submitted,

Dated May 17, 2013          By: /s/Surjit P. Soni
                                Surjit P. Soni
                                THE SONI LAW FIRM
                                Attorneys for Plaintiffs/Counterdefendants


Dated May 17, 2013          By: J. Kate Girard
                                Stephen S. Smith
                                GREENBERG GLUSKER FIELDS
                                CLAMAN & MACHTINGER LLP
                                Attorneys for Defendants/Counterclaimants


**ORDER**

IT IS SO ORDERED.

Date: 6/28/13

Hon. Stephen J. Hillman
United States District Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear or affirm that I have read and fully understand the Stipulated Protective Order entered in *Bibiji Inderjit Kaur Puri vs. Shakti Parwha Kaur Khalsa et al.*, U.S.D.C., C.D. Cal., Case No. CV 11-09503 FMO (SHx). I agree that I will not disclose any information received by me pursuant to the Stipulated Protective Order, and I will comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.

Dated: _____          By:_____

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action; my business address is 35 North Lake Avenue, Suite 720, Pasadena, California 91101.

On June 27, 2013, I served the foregoing document described as **[PROPOSED] STIPULATED PROTECTIVE ORDER** on the interested parties as follows:

Stephen S. Smith
ssmith@greenbergglusker.com
Matthew N. Falley
mfalley@greenbergglusker.com
Dan David Nabel
dnabel@greenbergglusker.com
Greenberg Glusker Fields Claman & Machtinger LLP
1900 Avenue of the Starts, 21st Fl
Los Angeles, CA 90067-4590

Jane Katherine Girard
j.kate.girard@gmail.com
Wray & Girard, P.C.
105 Granite Ave. N.W.
Albuqurgue, NM 87102-2310

Maureen Sanders
m.sanderswestbrook@qwestoffice.net
105 Granite Ave. N.W.
Albuqurgue, NM 87102-2310

[ ]  (MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day, with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  (PERSONAL SERVICE) I caused the above referenced document to be personally served by hand on the addressees listed above.

[X]  (VIA ELECTRONIC MAIL) I caused such document to be delivered to addressees listed above via CM ECF filing system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 27, 2013, Pasadena, California.

/s/ Gayane Mkrttchina
Gayane Mkrttchian